IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUL 16 PM 3: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| LINDA JEAN HOLBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-J-3116-S |
| | ) | |
| WAL-MART STORES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED
JUL 16 2003

**MEMORANDUM OPINION**

Pending before the court is defendant Maxus, Inc.'s motion for summary judgment (doc. 67). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that Maxus' motion is due to be granted.

**I. Background**

Plaintiff has been wheelchair bound for roughly 18 years due to muscular dystrophy. Plaintiff's Depo. at 23-24. On August 13, 2000, plaintiff, accompanied by her son and her ex-daughter in law, drove to the Wal-Mart in Bessemer, Alabama. Davidson Depo. at 10-11, 14; Amended Complaint at ¶ 4. After parking, plaintiff got into her companion chair, which is a type of folding wheelchair. Plaintiff's Depo. at 26-27. As plaintiff was being pushed in her wheelchair by her son towards the front of the Wal-Mart, plaintiff alleges that the wheels of her wheelchair became caught in a separation of the asphalt and concrete near the sidewalk parking lot area. Complaint and Plaintiff's



Depo. at 89-90. Plaintiff then allegedly fell forward out of her wheelchair causing her left knee and the left side of her head to hit the pavement. Plaintiff's Depo. at 90-94. After being taken to the hospital, plaintiff was found to have suffered a left femur fracture. *Id.* at 102-03.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Plaintiff asserts that Maxus negligently constructed or designed the parking lot/sidewalk area, thereby causing plaintiff's injury. In order to succeed on a negligence claim, plaintiff must demonstrate: (1) defendant had a duty to the plaintiff, (2) defendant

breached that duty, (3) the breach of that duty was the cause in fact of plaintiff's injury, and (4) plaintiff suffered damages. *E.R. Squibb and Sons, Inc. v. Cox*, 477 So.2d 963, 969 (Ala. 1985).

As noted above in the standard of review, the burden is upon the movant, in a motion for summary judgment, to make an initial showing that there is no genuine issue of material fact. *Ex parte Atmore Community Hospital*, 719 So.2d 1190, 1193 (Ala. 1998). The burden then shifts to the non-moving party to present substantial evidence as to each element of the claim challenged by the movant. *Id.*

Maxus has presented evidence through the affidavit of William Clay that the parking lot which allegedly caused plaintiff's injury was not negligently constructed. Clay's Affidavit at 2-3. In response, plaintiff has failed to demonstrate that Maxus breached any duty to plaintiff. Plaintiff has presented no evidence that the parking lot was negligently constructed. The sole evidence that has been presented by plaintiff is that plaintiff's wheelchair became stuck in a gap in the parking lot. Plaintiff's Depo. at 90. However, absent any evidence as to how this gap occurred, it would be impossible for a jury to conclude that this gap arose through Maxus' negligence. There are an infinite number of possibilities as to how this alleged gap was created in the parking lot. Accordingly, Maxus' motion for summary judgment as to plaintiff's claim against it is due to be dismissed.

## IV. Conclusion

Based upon the foregoing, Maxus motion for summary judgment (doc. 67) is **GRANTED**. Plaintiff's claims against Maxus shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the  16  day of July, 2003.

Inge P. Johnson
U.S. District Judge

5